UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DWAINE JOHNS, )
)
Petitioner, )
)
v. ) Case No. 10-1175
)
GUY PIERCE[1], Warden, )
)
Respondent. )

## ORDER

Now before the Court is Dwaine Johns' ("Johns") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Johns' Petition for Writ of Habeas Corpus [#1] is DISMISSED IN PART with prejudice, and Respondent's Motion to Dismiss [#12] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Johns was charged with two counts of felony first degree murder in the Circuit Court of Peoria County, Illinois. In 2001, a jury found him guilty on both counts on an accountability theory and he was sentenced to natural life in prison without possibility of parole. The facts presented at trial were that Johns had gone with Jarvis Jackson to collect money from one of the two people killed, Michael Douglas. Jackson shot and killed Douglas and Bertha Diaz and

---

[1] The original named respondent in this action was Donald Gaetz, as warden of Menard Correctional Center, where Petitioner was confined at the time he filed his § 2254 petition. Guy Pierce is the Warden of Pontiac Correctional Center, where Petitioner is currently confined, and therefore Pierce is properly substituted as the respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

testified that Johns had planned to join Jackson in the robbery, that Johns knew Jackson had a gun with him at the time, and that Johns was standing next to Jackson at the time Jackson shot Diaz.

Johns directly appealed his conviction and the Illinois Appellate Court, Third District, affirmed on December 19, 2003. His petition for leave to appeal in the Illinois Supreme Court was denied on March 24, 2004. Johns did not file a petition for writ of certiorari in the United States Supreme Court. While his direct appeal was ongoing, Johns filed a postconviction petition in the Circuit Court of Peoria County on February 2, 2004.[2] The Circuit Court denied the postconviction petition and on January 3, 2005, the Illinois Appellate Court affirmed the denial. Johns filed a petition for leave to appeal in the Illinois Supreme Court, which was denied on May 25, 2005. On March 28, 2005, Johns filed a petition for relief from judgment in the Circuit Court of Peoria County. *See* 735 ILL. COMP. STAT. 5/2-1401(c) (2011) (requiring that a petition under that section be filed not later than 2 years after the entry of the order or judgment from which relief is sought). The Circuit Court granted the State's Motion to Dismiss the petition as untimely. On October 4, 2006, the Illinois Appellate Court affirmed the dismissal of the Section 2-1401 petition as untimely. Johns did not seek further review of that decision.

On June 14, 2007[3], Johns filed an application for leave to file a successive postconviction petition the Circuit Court of Peoria County. In that successive petition, Johns argued that he had new evidence to show the prosecution knowingly used Jackson's perjured testimony at trial.

---

[2] Respondent states that Johns filed his first postconviction petition on January 28, 2004. However, Johns states that he did so on February 2, 2004. The record does reflect February 2, 2004, as the correct date.

[3] Again, there is a discrepancy in the dates provided by Johns and Respondent. Respondent states that Johns filed his successive postconviction petition on June 7, 2007. However, Johns states that he did so on June 14, 2007. The record does reflect June 14, 2007, as the correct date. In the end, the 7 day discrepancy does not impact the Court's ultimate conclusion.

That new evidence being an affidavit from Jackson in which he recanted his trial testimony against Johns, and stated that two assistant state's attorneys offered that they would not pursue the death penalty against Jackson if he testified against Johns and that he was coached on what to say. The Circuit Court, after it docketed the successive postconviction petition, appointed counsel, and conducted a hearing, denied Johns leave to file his successive postconviction petition. The Circuit Court specifically stated, "[L]eave to file a successive post conviction petition is denied, or even if it has already been allowed to be filed by redocketing, the case cannot survive Stage II; therefore the Petition is dismissed." *See* Respondent's Exh. I at 5. The Illinois Appellate Court affirmed the Circuit Court's decision after determining that Johns could not demonstrate prejudice, which he had to show in order for the court to consider the merits of his successive petition. The Illinois Supreme Court denied Johns' petition for leave to appeal, but directed the Appellate Court to reconsider its decision affirming the Circuit Court's decision to deny Johns' application to file a successive postconviction petition in light of a recent Illinois Supreme Court case. Upon reconsideration, the Appellate Court again determined that the Circuit Court properly declined to consider Johns' claim set forth in his successive postconviction petition. On Septemebr 29, 2010, the Illinois Supreme Court denied Johns' petition for leave to appeal.

On June 2, 2010, Johns filed the instant § 2254 Petition, alleging 1) that the State failed to prove his guilt for felony murder of Douglas based upon an accountability theory, 2) that the State failed to prove his guilt for felony murder of Diaz based upon an accountability theory, 3) that the State failed to prove beyond a reasonable doubt that Johns had the intent to promote or facilitate the offense, and 4) that co-defendant Jackson's affidavit, taken as true, demonstrates Johns' actual innocence and shows the State knowingly used Jackson's perjured testimony at

trial in order to get a conviction. Respondent filed its Motion to Dismiss as Untimely, and Johns filed Petitioner's Response/Motion to Strike Respondent's Motion to Dismiss on December 1, 2010. This Order follows.

## DISCUSSION

**I.      Timeliness of Johns' § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations period is applied to § 2254 applications for writ of habeas corpus and runs from:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Johns' claims do not involve any state created impediments to filing his application nor a newly recognized constitutional right retroactively applicable. The Court, therefore, must first determine when Johns' conviction became final following the conclusion of any direct review he sought.

Johns pursued a direct appeal of his 2001 conviction through the Illinois Appellate Court and Illinois Supreme Court. His direct appeal therefore became final on June 22, 2004, when the 90-day filing period for pursuing a petition for writ of certiorari in the United States Supreme

Court expired. *See Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006) ("The time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review is not counted because a decision does not become final until the time for petitioning for certiorari has passed"). However, the one-year statute of limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009).

Johns timely filed his postconviction petition in the Circuit Court of Peoria County on February 2, 2004. His postconviction proceedings came to an end on May 25, 2005. That was the date on which the Illinois Supreme Court denied his petition for leave to appeal the lower courts' dismissal of his postconviction petition. Johns first had direct review then collateral review pending without a period of time when nothing was pending until May 25, 2005. Therefore, the one-year limitations period under § 2244(d)(1) was properly tolled until May 25, 2005, and that was the date on which Johns' clock began to run under § 2244(d)(1)(A). *See Jones*, 449 F.3d at 788 (finding, in regard to state postconviciton petitions, that the AEDPA statute of limitations began to run from time Illinois Supreme Court denied petition for leave to appeal a decision rather than from the time petitioner could have filed a petition for writ of certiorari to the United States Supreme Court). Johns had to file his § 2254 petition by May 25, 2006, unless his subsequent filings further tolled the one-year limitations period under § 2244(d)(2).

Johns' filing of a petition for relief from judgment pursuant to 735 ILL. COMP. STAT. 5/2-1401 in the Circuit Court of Peoria County on March 28, 2005, did not toll the limitations period because it was dismissed as untimely by the state court. *See Pace v. DiGuglielmo*, 544 U.S. 408,

417 (2005) (holding that where the petitioner's state postconviction petition was rejected by state court as untimely, it was not "properly filed" and so petitioner was not entitled to statutory tolling under § 2244(d)(2)). Because Johns had no properly filed applications for postconviction review pending in state court between May 25, 2005, and May 25, 2006, and the instant § 2254 petition was not filed until June 2, 2010, the first three claims he makes in his § 2254 petition are untimely and must be dismissed.

In his reply brief, entitled Petitioner's Response/Motion to Strike Respondent's Motion to Dismiss, Johns argues that the limitations period should have started to run from August 31, 2006.[4] That is the date on which he says he obtained Jackson's affidavit which he points to in support of his fourth claim in the instant § 2254 petition that the State knowingly used Jackson's perjured testimony at trial in order to get a conviction. He argues that is the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence as provided in § 2244(d)(1)(D). He then points to his June 14, 2007, successive postconviction petition as having been properly filed, most likely in an attempt to argue that the one-year statute of limitations was tolled from that date until September 29, 2010, when the proceedings regarding that successive petition came to an end. Respondent first notes that Johns forfeited the argument that his claim fourth habeas claim is timely because he did not make the argument in his § 2254 Petition. Respondent further argues that in any event, the one-year limitations period that may have started on August 31, 2006, was not tolled by Johns' June 14, 2007, successive postconviction petition because the state trial court denied him leave to file it.

---

[4] The first three claims Johns presents in his § 2254 Petition arise out of his trial in 2001, and therefore § 2244(d)(1)(D) does not apply to those claims. Thus, his first three habeas claims are time-barred for the reasons set forth previously.

The state court record of Johns' successive postconviction proceedings is convoluted, in that it is unclear as to whether the state trial court granted permission to file that petition, and whether the state appellate court agreed with that decision. The state trial court entered an order stating, "[L]eave to file a successive post conviction is denied, or even if it has already been allowed to be filed by redocketing, the case cannot survive Stage II; therefore, the [p]etition is dismissed." Such a statement suggests that the trial court both allowed filing of Johns' successive postconviction petition, and considered its merits to some extent. Such treatment of the petition in state court would provide for tolling of the limitations period under § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d at 638-39 (clarifying that a second postconviction petition tolls the § 2244(d)(1) limitations period only if the state court grants permission to file it); *and Rice v. Bowen*, 264 F.3d 698, 701 (7th Cir. 2001) (explaining that if state courts considered a postconviction petition on its merits it was properly filed, but it was not properly filed if they dismissed it for procedural flaws).

The state appellate court, on remand from the state supreme court, considered Johns' actual innocence claim set forth in his petition, and held that "the trial court properly declined to consider defendant's claim." In looking at the way in which the Illinois courts treated the successive postconviction petition, the statute of limitations on Johns' fourth habeas claim was tolled during the pendency of the proceedings on that petition. *See Rice*, 264 F.3d at 701. The Illinois Supreme Court denied Johns' petition for leave to appeal on September 29, 2010, on which date the limitations period began to run again. Because Johns filed his § 2254 Petition on June 2, 2010, he certainly did so within the requisite one-year limitations period.[5] Accordingly,

---

[5] Clearly, Johns actually filed his § 2254 petition before state proceedings terminated, but that is not fatal where a federal court may grant a stay in such a situation. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (explaining that a district court has discretion to decide whether a stay is

7

Johns' fourth habeas claim, that co-defendant Jackson's affidavit, taken as true, demonstrates Johns' actual innocence and shows the State knowingly used Jackson's perjured testimony at trial in order to get a conviction, is timely. Respondent is granted thirty days from the entry of this Order to file a pleading addressing the merits of that claim.

Johns claims that equitable tolling applies to his § 2254 petition in order to make it timely because the delays were not his fault where his lawyer and the state appellate court did not timely inform him of the time to file his petition. *See* § 2254 Petition at 13; *see also Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (joining the Courts of Appeals in holding that § 2244(d) is subject to equitable tolling). The state appellate court had no duty to inform Johns of the time in which he would have to file a habeas petition in federal court. As to his counsel's alleged failure to inform him of the timing requirement, such a failure would not be a basis for equitable tolling. *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) ("a lawyer's mistake is not a valid basis for equitable tolling").

Also, Johns would have to establish that 1) he was diligently pursuing his rights, or 2) that some extraordinary circumstance stood in his way and prevented timely filing. Both must be established to entitle a person to equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Johns did nothing for eight months between the time the appellate court affirmed the dismissal of his Section 2-1401 petition and when he filed his successive postconviction petition. He makes no argument to suggest that some extraordinary circumstance stood in his way to prevent timely filing of his first three habeas claims. Therefore, under § 2244(d)(1)(A), Johns

---

warranted in the particular circumstances of a case).

has failed to timely file the first three claims of his habeas petition and so they must be dismissed.

## II. Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. To obtain a certificate of appealability (CA), a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, no reasonable jurist could conclude that Johns' first three habeas claims were timely. For the reasons stated above, a "plain procedural bar" exists because he did not file a federal habeas petition raising those three claims within the one-year statute of limitations set forth in § 2244(d)(1)(A). As a result, he has not made a showing of the denial of a constitutional right. Accordingly, this Court will not issue Johns a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Johns' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED IN PART with prejudice, and Respondent's Motion to Dismiss [#12] is GRANTED IN PART and DENIED IN PART. Respondent must file a pleading addressing the merits of Johns' claim - that co-defendant Jackson's affidavit, taken as

true, demonstrates Johns' actual innocence and shows the State knowingly used Jackson's perjured testimony at trial in order to get a conviction - within thirty days of the date of this Order The Court further declines to issue Petitioner Johns a Certificate of Appealability as to the first three claims he raised in the instant § 2254 Petition.

ENTERED this 14th day of February, 2011.

                                               s/ Michael M. Mihm
                                               Michael M. Mihm
                                               United States District Judge