UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAINE JOHNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-1175 |
| | ) |
| GUY PIERCE, Warden, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Now before the Court is Dwaine Johns' ("Johns") "Motion to Reconsider Habeas Corpus Petition/Motion for Judicial Notice of Dissenting Opinion from Direct Appeal." For the reasons set forth below, Johns' Motion to Reconsider [#23] is DENIED, and his included Motion for Judicial Notice of Dissenting Opinion from Direct Appeal [#23] is therefore DENIED AS MOOT.

### DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

Johns has filed a very brief, two-page Motion to Reconsider in which he states that based upon the state proceedings in his underlying criminal case, there was a "fundamental and egregious error" that violated due process and also violated the "fundamental fairness essential

1

to the very concept of justice." He seeks to have the Court take judicial notice of the dissenting state appellate justice's, Mary McDade's, opinion in which she disagreed with the majority's analysis of the issue of Johns' accountability for felony murder of Bertha Diaz. It is apparent that Johns cites to the December 19, 2003, state court dissenting opinion in an attempt to have this Court reconsider one of the claims he included in his § 2254 habeas petition filed on June 2, 2010. The Court already dismissed that claim as untimely on February 14, 2011. His attempt verges on frivolous, and is certainly inadequately supported, where he has not alleged that the Court has committed a manifest error of law or fact, and he has failed to present newly discovered evidence. Indeed, he has had the dissenting opinion upon which he currently relies since 2003. Accordingly, Johns' Motion to Reconsider must be denied, and his included Motion for Judicial Notice must be denied as moot.

## CONCLUSION

For the reasons set forth above, Petitioner Dwaine Johns' "Motion to Reconsider Habeas Corpus Petition/Motion for Judicial Notice of Dissenting Opinion from Direct Appeal" [#23] is DENIED to the extent he seeks reconsideration, and DENIED AS MOOT to the extent he seeks judicial notice of Justice McDade's dissenting opinion in the underlying state criminal proceedings.

ENTERED this 5th day of July, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge